**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| GREGORY GRANT CHAPMAN, | No. C 07-1527 SBA |
| Plaintiff pro se, | **ORDER** |
| v. | [Docket Nos. 32, 44, 49] |
| TEAMSTERS LOCAL 853, | |
| Defendant. | |

Before the Court is a motion to dismiss [Docket No. 32] or, in the alternative, a motion to quash service pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure filed by defendant Teamsters Local 853 (Teamsters). After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, Teamsters' motion to quash service is hereby GRANTED.

## BACKGROUND

On March 23, 2007, plaintiff *pro se* Gregory Grant Chapman Sr. filed an amended employment discrimination complaint against defendants U.S. Equal Employment Opportunity Commission (EEOC), the San Francisco Chronicle and Teamsters Local 853 (Teamsters). *See* Docket No. 4. Chapman alleged claims of discrimination, harassment, perjury, fraud and obstruction of justice. *Id.* His factual contentions were expressed in a single sentence: "There has been and continues to be a violation of employment opportunities, denied entitlements as a [qualified injured worker], with an injury greater than 25% continuous disparate treatment and threats of retaliation." *Id.*

In July 2007, defendants EEOC and the San Francisco Chronicle filed motions to dismiss the complaint, which were unopposed by Chapman. The Court ordered these two defendants dismissed from the case on September 7, 2007. *See* Docket No. 31.

On August 13, 2007, Chapman filed a motion for entry of default against Teamsters. This

1  motion was declined by the court clerk on the following day.  *See* Docket No. 21.  On September 7,
2  2007, Teamsters moved to dismiss the complaint for insufficient service of process pursuant to
3  Federal Rule 12(b)(5) or, in the alternative, to quash service of process.  *See* Docket No. 32.  On the
4  same day, Chapman filed a motion for summary judgment.  *See* Docket No. 38.

The central issue before the Court is whether the plaintiff effectively served the defendant pursuant to Federal Rule 4.

## LEGAL STANDARDS

A court cannot exercise personal jurisdiction over a defendant without proper service of process.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4").  A judgment is void where the requirements for effective service have not been met.  *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992); *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973).

Insufficient service of process may result in either dismissal or the quashing of service under Federal Rule of Civil Procedure 12(b)(5).  Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.  *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985); *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983)

When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Sufficiency of process is determined by Rule 4.  *See Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007).  Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.  *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'"  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987)

1 (citation omitted).

2 Rule 4(h) governs service on unincorporated associations. Under Rule 4(h), a plaintiff may serve an association by delivering a copy of the summons to an officer, managing or general agent, or to any other authorized agent. In the Ninth Circuit, "service of process is not limited solely to officially designated officers, managing agents, or agent appointed by law for the receipt of process." *Direct Mail Specialists*, 840 F.2d at 688. Service may be made "upon a representative so integrated with the organization that he will know what to do with the papers." *Id*. (citation omitted). Service on an individual who holds a position that indicates authority with the organization generally is sufficient. *Id*.

In the alternative, under Rule 4(h) service may be effected pursuant to the law of the state in which the district court is located or in which service is effected, in this case California. Under California law, a summons may be served on an unincorporated association by delivering a copy of the summons and the complaint "[t]o the person designated as agent for service of process . . . or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process." CAL. CIV. PROC. CODE § 416.40(b).

## ANALYSIS

### A.  Sufficiency of service of process

Teamsters contends there was insufficient service of process in this case because the papers served by the plaintiff were given to Lydia Pinedo, one of five Teamsters clerical employees who has no authority to receive service of process. Aloise Decl., ¶¶ 4-5. Pinedo herself states that she is unauthorized to receive any service of process, nor did she tell the plaintiff's process server that she was so authorized. Pinedo Decl., ¶¶ 4-5. She is also not a president, vice-president, officer or any other type of manager employed by Teamsters. *Id.* at ¶ 4. Additionally, Teamsters asserts it was never served a summons as required by Federal Rule 4(c)(1) or the supplemental material required by Local Rule 4-2. *See* Docket No. 32 at 2.

1  The plaintiff bears the burden of establishing sufficiency of process. *Brockmeyer v. May*, 383 F.3d at 801; *Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 551 (N.D. Cal. 2003); *Wishart v. Agents for International Monetary Fund Internal Revenue Service*, WL 494586 at 2 (N.D. Cal. 1995). Chapman provides no evidence that Pinedo was authorized to receive service, or that she was an officer, manager or other figure "so integrated with the organization" that she would know what to do with the papers. *Direct Mail Specialists*, 840 F.2d at 688. Chapman's only proof to rebut Teamsters' assertion of ineffective service of process is a statement by an employee of the process service company Chapman employed to serve the complaint. *See* Docket No. 45 at 1. Ken Ma, an employee of Jean Randall Process Service, states that Pinedo said she was authorized to accept service on behalf of Teamsters. *Id.* at 2.

However, Chapman fails to offer any proof supporting his assertion that, simply because an employee states he or she is authorized to accept service, such an employee is automatically conferred with the power to do so. Although Chapman does not expressly refer to the doctrine of ostensible authority, his argument suggests that service was sufficient because Pinedo represented herself as having the authority to receive service. But "[o]stensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." *Pasadena Medi-Center Associates v. Superior Court*, 511 P.2d 1180 (Cal. 1973) (quoting Cal. Civ. Code section 2317). There is no evidence that the employee of Chapman's process server, Ma, spoke to anyone other than Pinedo. Thus it is not possible for a Teamsters principal to have ostensibly granted Pinedo authority to receive service of process. *See Koa Fire and Marine Insurance Co. Ltd. v. Asiana Airlines, Inc.*, 242 F.3d 382 (9th Cir. 2000) (holding that an unidentified employee who said another employee was authorized to receive service of process did not invoke the doctrine of ostensible authority because neither employee was a principal).

Additionally, it is undisputed that Chapman failed to include the documents necessary to effect proper service under Federal Rule 4(c)(1), which states that "[a] summons shall be served together with a copy of the complaint." The summons "shall be signed by the clerk, bear the seal of the court . . .and. . . shall also state the time within which the defendant must appear and defend. . . ."

4

FED. R. CIV. P. 4(A).

Since the record fails to show Pinedo was a Teamsters employee who was authorized to receive service of process, and since the papers handed to Pinedo failed to meet the requirements of Federal Rule 4(c)(1), the defendant's motion to quash service pursuant to Federal Rule 12(b)(5) is granted.

A district court "has discretion to dismiss an action or to quash service." *S.J. v. Issaquah v. School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *see Stevens v.Security Pac. Nat'l. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). Dismissal is not appropriate when there is a reasonable prospect that service may yet be obtained. *Umbenhauer*, 969 F.2d at 30. In light of Chapman's good-faith effort to properly serve Teamsters by employing a licensed process server, and the reasonable chance Teamsters can be properly served, the Court grants Teamsters' motion to quash service rather than its motion to dismiss the case.

**B.     Teamsters' request to set aside entry of judgment**

Teamsters requests that, since it was not properly served, it is entitled to relief from entry of default judgment. *See* Docket No. 32 at 1. However, Teamsters fails to note that the clerk of this Court declined Chapman's motion for entry of judgment, and therefore no default or default judgment exists from which to be relieved. *See* Docket No. 21. Since the clerk has entered no default in this case, Teamsters' request is denied as moot.

**CONCLUSION**

Accordingly, Teamsters' motion to quash service [Docket No. 32] pursuant to Rule 12(b)(5) is GRANTED. Chapman shall have 30 days from the date of this order to effect proper service on Teamsters. If service is not properly effected within 30 days, Chapman is advised that this case shall be dismissed with prejudice.

Since the clerk has entered no default in this case, Teamsters' request for relief from entry of default [Docket No. 32] is DENIED as moot.

5

1   IT IS SO ORDERED.
2       October 30, 2007                   _Saundra B Armstrong_
3                                        Saundra Brown Armstrong
4                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GRANT CHAPMAN, | Case Number: CV07-01527 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| US EEOC et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Grant Chapman
945 Danrose Drive #H
American Canyon, CA 94503

Dated: October 30, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

7