IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GRANT CHAPMAN, SR., | Case No. C07-1527 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| U.S. Equal Employment Opportunity Commission, SAN FRANCISCO NEWSPAPER AGENCY (CHRONICLE), and TEAMSTERS LOCAL 853, | |
| Defendants. | |

Before the Court is defendant Teamsters Local 853's motion to quash service and dismiss complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Def. Teamsters Local 853's Notice of Motion and Motion to Quash Service and Dismiss Complaint. ("Def. Mot.") [Docket No.64]. Plaintiff filed an Opposition to the Motion. ("Pl. Opp'n.") [Docket No. 72].

**BACKGROUND**

On March 23, 2007, plaintiff *pro se* Gregory Grant Chapman Sr. filed an amended employment discrimination complaint against defendants U.S. Equal Employment Opportunity Commission (EEOC), the San Francisco Chronicle and Teamsters Local 853 ("Teamsters"). *See* Docket No. 4. Chapman alleged claims of discrimination, harassment, perjury, fraud and obstruction of justice. *Id.* His factual contentions were expressed in a single sentence: "There has been and continues to be a violation of employment opportunities, denied entitlements as a [qualified injured worker], with an injury greater than 25% continuous disparate treatment and

threats of retaliation." *Id.*

In July 2007, defendants EEOC and the San Francisco Chronicle filed motions to dismiss the complaint, which were unopposed by Chapman. The Court ordered these two defendants dismissed from the case on September 7, 2007. *See* Docket No. 31.

On August 13, 2007, Chapman filed a motion for entry of default against Teamsters. This motion was declined by the court clerk on the following day. *See* Docket No. 21. On September 7, 2007, Teamsters moved to dismiss or, in the alternative, to quash service of process. *See* Docket No. 32. On October 30, 2007, this Court granted Teamsters motion to quash service and gave plaintiff 30 days to effect proper service on Teamsters. The Order held that if service was not properly effected within 30 days, the case would be dismissed with prejudice.

On November 28, 2007, via Same Day Attorney Service, plaintiff attempted to serve the summons and complaint to the Teamsters at their San Leandro Office. *See* Docket No. 73. At 12:45pm, clerical worker Janice Johnson, told the delivery agent that no officers were present. *Id.* The delivery agent returned the following morning at 8:52am and was told again that no officers were present. *Id.* At that time the delivery agent informed Ms. Johnson that she was sub-serving her with the documents as "the person apparently in charge of the office." *Id.*

The central issue before the Court is whether the plaintiff effectively served the defendant pursuant to Federal Rule 4, or in the alternative, met the elements of "substitute" service pursuant to Cal. Code of Civ. Proc. §415.20(a).

**LEGAL STANDARD**

A court cannot exercise personal jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4"). A judgment is void where the requirements for effective service have not been met. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992); *Veeck v.*

2

*Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973).

Insufficient service of process may result in dismissal under Federal Rule of Civil Procedure 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Sufficiency of process is determined by Rule 4. *See Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007). Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987) (citation omitted).

Rule 4(h) governs service on unincorporated associations. Under Rule 4(h), a plaintiff may serve an association by delivering a copy of the summons to an officer, managing or general agent, or to any other authorized agent. In the Ninth Circuit, "service of process is not limited solely to officially-designated officers, managing agents, or agent appointed by law for the receipt of process." *Direct Mail Specialists*, 840 F.2d at 688. Service may be made "upon a representative so integrated with the organization that he will know what to do with the papers." *Id.* (citation omitted). Service on an individual who holds a position that indicates authority with the organization generally is sufficient. *Id.*

In the alternative, under Rule 4(h) service may be effected pursuant to the law of the state in which the district court is located or in which service is effected, in this case California. Under California law, a summons may be served on an unincorporated association by delivering a copy of the summons and the complaint "[t]o the person designated as agent for service of process . . . or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process." Cal. Civ. Proc. Code § 416.40(b). If personal service cannot be made, a

summons may be served by:

> "leaving a copy of the summons and complaint during usual office hours in his or her office ... with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing." Cal. Civ. Proc. Code § 415.20(a).

Reasonable diligence to effect personal service is necessary, but if the summons cannot be personally delivered, "methods of substitute service are permitted." *Smith v. Van Dyk*, 2007 WL 4570719 at 3 (E.D. Cal. 2007). Pursuant to Cal. Civ. Proc. Code §415.20, substituted service is not complete until 10 days after the summons and complaint have been mailed to the authorized agent being served. *Cucci v. Edwards*, 510 F.Supp.2d 479, 482 (C.D.Cal. 2007). In *Cucci*, plaintiff claimed that the effective date of service was when the paperwork was left with the authorized agent's assistant. *Id*. at 482. The court disagreed and held that since, under proper substituted service, the summons was mailed to the defendant company's authorized agent after the initial delivery, " 'service was not *complete* until ten days after mailing.' " *Id*. at 482-3, quoting *Billings v. Edwards*, 91 Cal.App.3d (Cal.App.1979).

## DISCUSSION

### A. Sufficiency of service of process

Teamsters contends there was insufficient service of process in this case because the papers served by the plaintiff were given to Janice Johnson, one of the Teamsters clerical employees who has no authority to receive service of process. Def. Mot., Mem. of P. & A. in Supp. of Mot. to Quash Service and Dismiss Complaint at 1. ("Def. Mem.") Similar to Lydia Pinedo, who was served by plaintiff the first time service was attempted, Johnson was not a person authorized by the Teamsters to receive service. *Id*. Johnson herself states that she is unauthorized to receive any service of process, nor did she tell the plaintiff's delivery agent that she was so authorized. Johnson Decl.¶ 4, 5. She is also not a president, vice-president, officer or any other type of manager

4

employed by Teamsters. *Id.* at ¶ 4.  Teamsters asserts that plaintiff's attempt did not effect service of process pursuant to applicable state law. Def. Mem. at 2. Thus, having failed in his second attempt to effect service, Teamsters assert that plaintiff's complaint should be dismissed with prejudice.

The plaintiff bears the burden of establishing sufficiency of process. *Brockmeyer v. May*, 383 F.3d at 801; *Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 551 (N.D. Cal. 2003); *Wishart v. Agents for International Monetary Fund Internal Revenue Service*, WL 494586 at 2 (N.D. Cal. 1995).  Chapman provides no evidence that Johnson was authorized to receive service, or that she was an officer, manager or other figure "so integrated with the organization" that she would know what to do with the papers. *Direct Mail Specialists*, 840 F.2d at 688.

**B. Substituted Service**

Neither Plaintiff's Proof of Service (Docket. No.73), nor his Opposition to Teamsters' Motion displays any evidence that his attempted service complied with the substituted service requirements under Cal. Code. Civ. Proc §415.20. Pl. Opp'n. In his Memorandum in Opposition plaintiff states: "[t]he agent then served Ms. Johnson, as a sub-service as reasonable attempts were made to no avail." Pl. Mem. of P&A Supp. Opp'n to Quash Service and Mot. to Dismiss Complaint at 1. ("Pl. Mem.") Plaintiff does not claim that he mailed the summons and complaint to Teamsters Local 845 to fulfill the second requirement under §415.20. And, Janine Vanier, a clerical employee for the Teamsters San Leandro office asserted in her Declaration that the Union office never received a copy of the summons or complaint by mail. Decl. of Janine Vanier in Supp. of Def. Local 853's Mot. to Quash Service and to Dismiss at ¶ 3-5.

Even if the plaintiff had mailed the summons to the Teamsters authorized agent, Rome Aloise, on the same day it was served on Johnson in lieu of the authorized agent, November 29, 2007, service would not be deemed complete until December 9, 2007, ten days later.  Thus, even if he had attempted to comply with the requirements of substituted service, plaintiff would not have properly effected service within 30 days of October 30, 2007, as required by this Court.

5

**CONCLUSION**

Since the record fails to show that Johnson was a Teamsters employee who was authorized to receive service of process and plaintiff did not fulfill the requirements under substituted service, and in light of this Court's Order granting Plaintiff 30 days to effect service of process, [Docket No. 55], Plaintiff's Amended Complaint as to Defendant Teamsters Local 853 is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: 3/20/08                         SAUNDRA BROWN ARMSTRONG
                                       United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GREGORY GRANT CHAPMAN,

        Plaintiff,

v.

US EEOC et al,

        Defendant.

Case Number: CV07-01527 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory Grant Chapman
945 Danrose Drive #H
American Canyon, CA 94503

Dated: March 24, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

7